IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Stanley Shawn Davis, #277744, ) | |
| ) | No. 5:18-cv-00441-MBS-KDW |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Stanley Shawn Davis is a prisoner in custody of the South Carolina Department of Corrections who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. On February 15, 2018, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

On May 21, 2013, Petitioner was indicted by the Anderson County Grand Jury for one count of Murder. ECF No. 21-1 at 79-80. Petitioner pled guilty to one count of murder on October 2, 2013, and the state court sentenced him to 30 years' imprisonment. *Id.* at 82. Petitioner filed an application for Post-Conviction Relief ("PCR"), wherein he asserted that he was being held in custody unlawfully due to ineffective assistance of counsel and the failure, either by his counsel or by the solicitor, to request a hearing to investigate his competency, in accordance with *State v. Blair*, 273 S.E.2d 536 (S.C. 1981). *Id.* at 26-31. The PCR court issued an order of dismissal on March 28, 2016. *Id.* at 72-78. Petitioner appealed, and filed a petition

for writ of certiorari pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). The South Carolina Court of Appeals denied the petition on January 23, 2018. ECF No. 21-8. Petitioner now raises ineffective assistance of counsel and the failure to request a *Blair* hearing as the bases for habeas relief. ECF No. 1.

On May 18, 2018, Respondent filed a motion for summary judgment and a return and memorandum in support thereof. ECF Nos. 21, 22. Petitioner filed a response in opposition to the motion for summary judgment on June 1, 2018, ECF No. 25, and he filed a supplement to his response on August 10, 2018. ECF No. 27. Respondent did not file a reply.

On October 19, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the court grant the motion for summary judgment. ECF No. 30. The Magistrate Judge reviewed the petition pursuant to the rules governing § 2254 cases, 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents, and found on her review of the record that "the PCR court did not unreasonably apply federal law in denying" the claims for ineffective assistance of counsel and for failure to hold a *Blair* hearing. *Id.* at 20, 24. The Magistrate Judge noted specifically that the record reflects that plea counsel "met with Petitioner several times to prepare for trial, observed his demeanor, and reviewed discovery," and "hired an investigator to interview Petitioner's wife, daughter, and neighbor." ECF No. 30 at 20. The Magistrate Judge additionally noted the following:

> despite the absence of a court ordered mental evaluation, [counsel] recognized the unusual circumstances surrounding the nature of the murder, the fact that Petitioner burned his mother, and that he consequently decided to obtain— with Petitioner's signed consent—mental health records from Patrick B. Harris Psychiatric Hospital and one other medical facility. [] [Counsel] then retained the services of Dr. Donna Schwartz-Watts to review those records. [] Based on a conversation with Dr. Schwartz-Watts after her review, [counsel] testified that he had no concerns about Petitioner's competency to stand trial.

*Id.* The Magistrate Judge also observed that "at the PCR hearing, Petitioner's plea counsel testified that he was unaware that there was ever a court-ordered evaluation of Petitioner," and "further testified that he did not have Petitioner evaluated because he 'did not have any issues as it relates to [Petitioner's] competency to stand trial or his ability to assist me in his case.'" *Id.* at 24. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 30-1 at 1.

Petitioner filed an unsigned motion for extension of time to file an objection to the Report and Recommendation, ECF No. 32, and thereafter, on November 19, 2018, filed a signed objection. ECF No. 35. Petitioner does not indicate that the Magistrate Judge erred in any way with her Report and Recommendation. Instead, Petitioner appears to contest that he visited Patrick B. Harris Psychiatric Hospital on any occasion, and thus that he underwent an examination of any kind at that facility.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner fails to direct the court to a specific error in the Magistrate Judge's Report and Recommendation. His objections are without merit. Nevertheless, the court has thoroughly reviewed the record and concurs in the recommendation of the Magistrate Judge. The Report and Recommendation is incorporated herein by reference. The motion for summary judgment, ECF No. 22, is granted. Petitioner's petition for a writ of habeas corpus is denied and dismissed, with prejudice. The motion for extension of time to file a response to the Report and Recommendation, ECF No. 32, is denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: December 3, 2018
Charleston, South Carolina